IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HAXANS WALDELL PALMER, #2386413 | § § § | |
| Petitioner, | § § | |
| v. | § § | No. 3:22-cv-00086-C (BT) |
| MARIAN BROWN, et al., | § § § | |
| Respondents. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Haxans Waldell Palmer, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the petition to the United States magistrate judge for findings and a recommendation, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the District Court should DISMISS Palmer's petition as barred by limitations and deny his motion for an evidentiary hearing.

I.

On October 4, 2019, a Dallas County jury convicted Palmer of (1) Compelling Prostitution—Under Age 18, and (2) Traffic of Persons—Prostitution Under Age 18. *See* Case Nos. F-1858280-T, F-1858281-T. Thereafter, Palmer and the State reached an agreement regarding sentencing, and he received two concurrent sentences of seven years'

imprisonment in exchange for waiving his right to appeal. Notwithstanding his waiver, Palmer appealed his conviction for compelling prostitution. The Fifth Court of Appeals dismissed his appeal for want of jurisdiction, *see Palmer v. State*, No. 05-20-00026-CR., slip op. (Tex. App.—Dallas Mar. 11 2020, no pet.), and—on April 27, 2020—the appellate court denied his motion for a rehearing. Palmer did not file a petition for discretionary review (PDR).

Palmer also filed a *pro se* notice of appeal with the Dallas County District Court, in which he appealed both convictions. That appeal was dismissed for lack of jurisdiction because the notice of appeal was untimely. *Palmer v. State*, Nos. 05-21-00046-CR, 05-21-00084-CR, slip op. (Tex. App.—Dallas Feb. 8, 2021, no pet.).

Palmer filed his first and second state applications for writ of habeas corpus on December 12, 2019.[1] On March 11, 2020, the state court dismissed the first application—the one challenging his conviction for compelling prostitution—without a written order because the conviction was not yet final and the mandate had not issued. The same day, the state court denied

---

[1] Under the prison "mailbox rule," a prisoner's pleading is deemed to be filed on the date that he submitted his pleading to prison authorities to be mailed. *Houston v. Lack*, 487 U.S. 266, 276 (1988). Here, Palmer signed his state applications on December 12, 2019. Respondent reserved the right to argue Palmer's pleading should be deemed filed on a date later than the date he signed his applications. Resp. 4 n.4 (ECF No. 24).

2

the second application—the one challenging his conviction for trafficking—without a written order.

Palmer filed his third and fourth state applications on September 8, 2021. On December 22, 2021, the state court denied the application—his third—challenging his conviction for compelling prostitution without a written order. The state court also dismissed the last application challenging his conviction for trafficking without a written order because it was a subsequent application.

Then, on January 7, 2022, Palmer filed his § 2254 petition in this case. In several grounds for relief, Palmer argues:

(1)  The State violated his Confrontation Clause rights;

(2)  The State violated his Fifth Amendment rights when it admitted inadmissible evidence;

(3)  The State violated his Fourth Amendment rights when it introduced evidence that was illegally obtained;

(4)  The State violated his Fourteenth Amendment rights when it arrested him without an arrest warrant; and

(5)  The trial court violated his First Amendment rights when it conducted his trial without the victim being present.

Respondent filed an answer arguing Palmer's petition should be dismissed with prejudice because it is time-barred. Palmer filed a reply. The issues have been fully briefed and Palmer's claims are ripe for adjudication.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (1996). The statute provides that the limitations period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A). Here, Palmer has failed to show the provisions of § 2244(d)(1)(B)-(D) are implicated; therefore, § 2244(d)(1)(A) applies.

A. Compelling Prostitution Conviction

When a petitioner waives his right to appeal but "participate[s] in direct review," his "conviction . . . [becomes] final for AEDPA purposes 90 days after the [Texas Court of Criminal Appeals] denied his PDR." *Foreman v. Dretke*, 383 F.3d 336, 340 (5th Cir. 2004) (citing *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)). However, Palmer did not file a PDR, and thus his conviction for compelling prostitution became final on May 27, 2020, which is thirty days after the Court of Appeals denied his motion for a rehearing on his direct appeal. "[A] decision becomes final 'by the conclusion of direct review or the expiration of the time for seeking such review.'" *Roberts*, 319 F.3d at 694 (quoting 28 U.S.C. § 2244(d)(1)(A)); *see also* Tex. R. App. P. 68.2(a). Palmer then had one year, until May 27, 2021, to file his federal petition. *See* 28 U.S.C. § 2244(d)(1)(A). But Palmer did not file his federal petition until January 7, 2022—226 days late.

The filing of a state habeas application generally tolls the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that a state habeas application tolls the limitations period under § 2244(d)(2)); *Broussard v. Thaler*, 414 F. App'x 686, 687-88 (5th Cir. 2011) ("AEDPA provides that '[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.'") (quoting 28 U.S.C. § 2244(d)(2)). In this

5

case, however, Palmer's first state habeas application, filed on December 12, 2019, did not toll the limitations period because it was filed prior to the mandate's issuance. The first state habeas application was therefore not "properly filed," and it did not toll the limitations period. *See Larry v. Dretke*, 361 F3d 890, 898 (5th Cir. 2004) (when a state habeas application is filed before the mandate issues, it is non-compliant, "not properly filed," and the statute of limitations is not tolled); *see also Montoya v. Director*, 2021 WL 1009335, at *2 (N.D. Tex. Feb. 19, 2021) (discussing and quoting *Larry*, 361 F.3d at 894).

And Palmer's final state application, filed on September 8, 2021, did not toll the limitations period because it was filed after the limitations period expired on May 27, 2021. *See Flores v. Quarterman*, 467 F.3d 484, 485 n.2 (5th Cir. 2006) (per curiam) ("While the filing of a state habeas application ordinarily tolls the federal one-year statute of limitations, [the petitioner] did not file his state application until . . . more than one year after his sentence became final, and almost two months after the statute of limitations expired.") (citing *Scott*, 227 F.3d at 263) (holding that state habeas applications filed after the expiration of the limitations period do not toll the limitations period)).

B.  Trafficking Conviction

Palmer did not file a direct appeal of his October 4, 2019, trafficking conviction. Therefore, his conviction became final on November 4, 2019, the

6

first weekday that was thirty days after the judgment was rendered. *See Roberts*, 319 F.3d at 694; *see also* Tex. R. App. P. 26.2(a)(1) (a notice of appeal must be filed within 30 days after the sentence is imposed). Palmer then had one year, until November 4, 2020, to file his federal petition. *See* 28 U.S.C. § 2244(d)(1)(A).

Under the AEDPA, the time during which a properly filed state application is pending shall not count toward any limitations period. *See Scott*, 227 F.3d at 263 (noting that a state habeas application tolls the limitations period under § 2244(d)(2)); *Broussard*, 414 F. App'x at 687-88 ("AEDPA provides that '[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.'") (quoting 28 U.S.C. § 2244(d)(2)). Palmer's second state application tolled his limitations period for 91 days: from December 12, 2019, the date the application was filed, until March 11, 2020, the date it was denied. This period of tolling extended the statute of limitations deadline from November 4, 2020 to February 3, 2021. But, again, Palmer did not file his federal petition until January 7, 2022—340 days late.

Palmer's fourth state application did not toll the limitations period because it was filed after the statute of limitations period had already expired. *See Flores*, 467 F.3d at 485 n.2 (citing *Scott*, 227 F.3d at 263).

III.

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling") (quoting *Davis,* 158 F.3d at 811). The Fifth Circuit has held that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999), *abrogated on other grounds by Causey v. Cain*, 450 F.3d 601, 605-06 (5th Cir. 2006). A petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

> Palmer's § 2254 petition includes the following instruction:
>
> If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.

Pet. 15 (ECF No. 3).  Palmer responded:

> Because my state remedies had not yet been exhausted and being pro se I had to pay for all my court documents and wait for them to be sent to me among the covid pandemic[.] And the law library stopped running during such and I've been on quarantine a few times with no access to the courts.

*Id.* at 15-16.

8

Palmer's argument in favor of equitable tolling fails for several reasons. First, Palmer has not demonstrated he acted with diligence in pursuing his rights. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418-19 (2005) (holding the petitioner failed to establish act with the requisite diligence); *see also Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 256-57 (2016). Palmer's argument in support of equitable tolling is devoid of any specifics to suggest he was somehow precluded from timely filing his petition. As discussed, his petition was at least seven months late.

Second, Palmer's habeas claims address matters before the trial court, and the trial court entered judgment on October 4, 2019. Palmer's claims do not rely on any new facts or evidence not available to him at the time he was convicted or within a manner to allow him to timely pursue these claims. Each of his five claims address errors that occurred prior to or during his trial. Palmer has failed to show that he pursued his claims diligently so as to justify equitable tolling. *See Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir.1989) ("[E]quity is not intended for those who sleep on their rights."); *see also Hill v. Johnson*, 265 F.3d 1059, at *1 (5th Cir. 2001) (per curiam); *Fisher*, 174 F.3d at 715.

Third, Palmer argues he has suffered delays generally related to the COVID-19 pandemic and intermittent periods of quarantine at the prison. However, delays caused by intermittent lockdowns do not constitute "extraordinary circumstances" warranting equitable tolling because they do

9

not prevent a prisoner from actually filing a petition. *See Tate v. Parker*, 439 F. App'x 375, 376 (5th Cir. 2011) (per curiam) (unpublished) (finding a temporary denial of access to research materials or the law library and inadequacies in the prison law library are not extraordinary circumstances sufficient to warrant equitable tolling). And a petitioner must demonstrate that any issues, such as a lockdown, "actually prevented" him from filing his federal habeas petition. *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011). "Absent evidence in the record," this Court will not "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . ., unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) (citing *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) (per curiam) (citations omitted)). Further, while the COVID-19 pandemic has undoubtedly caused numerous disruptions, Palmer does not specify how it prevented him from timely filing his habeas petition. When a petitioner fails to specify how the COVID-19 pandemic prevented him from timely seeking relief, he is not entitled to equitable tolling on that basis. *See Tillson v. Director, TDCJ-CID*, 2021 WL 2211351, at *1 (N.D. Tex. May 3, 2021), *rec. adopted* 2021 WL 2207108 (N.D. Tx. June 1, 2021).

In sum, Palmer fails to state a sufficient basis for applying equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("[P]roceeding *pro se* is not a 'rare and exceptional' circumstance because it

is typical of those bringing a § 2254 claim."); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir. 1999) (per curiam) ("[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").

## IV.

The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations."[2] *McQuiggin v. Perkins,* 569 U.S. 383, 386 (2013). A petitioner who claims actual innocence, however, "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.*

Palmer fails to raise an actual innocence claim in his petition. *See* Pet (ECF No. 3). Therefore, he has not demonstrated that actual innocence serves as a gateway through which his time-barred petition can pass. Palmer's petition is time-barred and should be dismissed with prejudice.

## V.

Last, Palmer has filed a motion seeking an evidentiary hearing. (ECF No. 34.) He argues that a hearing is necessary for the Court to fully address his claims because the state court record "does not fully exist." *Id.* at 1.

---

[2] *House v. Bell,* 547 U.S. 518 (2006); *Schlup v. Delo,* 513 U.S. 298 (1995).

Palmer contends that he cannot show his claims were "fairly presented to the state habeas courts." *Id.* at 2.

A court may hold an evidentiary hearing when the petitioner demonstrates: (1) a claim relies on a new, retroactive rule of constitutional law that was previously unavailable; (2) a claim relies on a factual basis that could not have been previously discovered by exercise of due diligence; or (3) the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable juror would have convicted the petitioner. 28 U.S.C. § 2254(e)(2). As discussed, Palmer's claims are barred by the statute of limitations under § 2244(d). Therefore, no additional development at an evidentiary hearing is warranted, and Palmer's motion for an evidentiary hearing should be denied.

VI.

The Court should DISMISS Palmer's *pro se* petition for a writ of habeas corpus with prejudice as barred by the one-year limitations period, *see* 28 U.S.C. § 2244(d), and DENY his motion for an evidentiary hearing. (ECF No. 34.)

Signed January 10, 2023.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

13